SANDRA L. SMITH, ESQ. (SBN 172881)
Law Office of Sandra L. Smith
484 Lake Park Avenue, Suite 495
Oakland, CA  94610

Telephone:  (510) 798-8113

Email: Sandra7745@comcast.net

Attorneys for Plaintiff
GWEN ROWE-LEE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWEN ROWE-LEE,<br><br>                    Plaintiff,<br><br>          vs.<br><br>SOUTH OF MARKET HEALTH CENTER (AKA SAN FRANCISCO MEDICAL CENTER OUTPATIENT IMPROVEMENT PROGRAMS, INC.); CHARLES E. RANGE; and DOES 1-50, inclusive; individually,<br><br>                    Defendants. | CASE NO.:<br><br>**CIVIL COMPLAINT FOR EMPLOYMENT DISCRIMINATION:**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff GWEN ROWE-LEE ("Plaintiff ROWE-LEE" or "DR. ROWE-LEE"), an individual, hereby brings this Complaint against Defendants SOUTH OF MARKET HEALTH CENTER (AKA SAN FRANCISCO MEDICAL CENTER OUTPATIENT IMPROVEMENT PROGRAMS, INC.) (hereinafter referred to collectively as "Defendants", or individually as "SOMHC" or "Defendant SOMHC"), CHARLES E. RANGE (or "Defendant RANGE"); and, DOES 1-50, and states and alleges as follows:

///

///

"

**EMPLOYMENT DISCRIMINATION COMPLAINT FOR DAMAGES – JURY TRIAL**
Case No.:

## PARTIES

1. Plaintiff GWEN ROWE-LEE is an individual and is now, and at all times mentioned in this complaint was a resident of the City of Oakland, County of Alameda, California.

2. Defendant, SOMHC, whose central office is located at 229 7th Street, San Francisco, CA 94103, is a not for profit community health center.

3. Defendant, CHARLES E. RANGE, formerly Chief Executive Officer of Defendant SOMHC, also a defendant in this matter.  Defendant RANGE is being sued as an individual for the actions described herein, and in his former official capacity.

4. Plaintiff, DR. GWEN ROWE-LEE, was and is employed by Defendant SOMHC during the relevant period mentioned herein.

5. Defendants, Doe 1 through Doe 50, inclusive, are sued herein under fictitious names.  Their true names and capacities are unknown to Plaintiff.  When their true names and capacities are ascertained, Plaintiff will amend this Complaint by inserting their true names and capacities.  Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by those defendants.

6. Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned in this Complaint, each defendant was the employee or agent or assign of its co-defendants and in doing the things alleged in this Complaint, was acting within the course and scope of such agency and employment and assignment, and acted in such manner as to ratify the conduct of its co-defendant, and each of them.

7. "Defendants" shall mean all of them and each of them, unless stated otherwise.

///

**VENUE & JURISDICTION**

8.  Venue is proper in this Court because plaintiff DR. ROWE-LEE resides in this District, in Oakland, California.

9.  Venue is proper in this Court because the actions alleged herein all occurred in the San Francisco, California offices of Defendant(s).

10. Venue is proper in this Court because at all relevant times Plaintiff DR. ROWE-LEE worked for the Defendant(s) at a site in San Francisco, California.

11. Jurisdiction is proper because Defendant(s), were doing business in the State of California, within the Jurisdiction of this court.  The subject matter of this suit is properly within the jurisdiction of this Court, as the action incorporates an amount in controversy which exceeds $75,000.00.

12. This case belongs in Federal Court under federal question jurisdiction because it is based on claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. sections 2000e to 2000e-17 for claims of discrimination based on race, and sex.

13. This case belongs in Federal Court under federal question jurisdiction because it is based on claims arising under the Age Discrimination in Employment Act of 1967, 29 U.S.C. sections 621 to 634.

14. This case belongs in Federal Court under federal question jurisdiction because it is based on claims arising under the American with Disabilities Act of 1990, 42 U.S.C. sections 12112 to 12117.

15. Additionally, grounds for this case are the state law claims for intentional and negligent infliction of emotional distress in the actions described herein.

///

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16. Plaintiff DR. ROWE-LEE, has complied with the Equal Employment Opportunity Commission's ("EEOC's") administrative exhaustion requirements, in that Plaintiff DR. ROWE-LEE timely filed a complaint (the "EEOC" Complaint) with the EEOC, on August 8, 2017, and amended the charge in September 2017, November 2017, and March 2018.

17. The EEOC Complaint was filed within the requisite time limits following the continuing unlawful conduct described in this Complaint.

18. Plaintiff DR. ROWE-LEE received a right to sue notice from EEOC attached hereto as Exhibit 1, and incorporated herein by reference.

19. This action is timely filed after the requisite right to sue notice was received by Plaintiff DR. ROWE-LEE.

20. Since filing the charge of age discrimination with the EEOC regarding the Defendants' discriminatory conduct 60 days or more have elapsed.

21. Any and all other prerequisites to the filing of this suit have been met.

## STATEMENT OF FACTS AND ALLEGATIONS COMMON
## TO ALL CLAIMS FOR RELIEF

22. Defendants SOMHC, and each co-defendant, named and DOES, have allowed a racially hostile environment, particularly towards African-American females, to exist on its worksite, without restraint.  The Defendants demonstrated that a culture of disrespect, to the point of emotional damage to African American female employees was tolerated.

23. During the relevant time period referred to herein, plaintiff DR. ROWE-LEE, was employed by Defendant SOMHC, initially in the position of Behavioral Healthcare Manager. Subsequently, Plaintiff was promoted to Director of Behavioral Healthcare Services at the Defendant's LoPress/Minna ("IBHS") site.

24. Plaintiff DR. ROWE-LEE was qualified for the position.  DR. ROWE-LEE received both her Doctorate of Public Health ("Dr. P.H.") from the University of California, Berkeley ("U.C. Berkeley") in maternal child health, chronic diseases, and in public health in 1994.  DR. ROWE-LEE earned her Bachelor of Science degree in Biomedical Sciences, Public Health in 1976 from U.C. Berkeley.  DR. ROWE-LEE has earned a Master's Degree in mental health from U.C. Berkeley's school of combined public health and social work department; and, she has earned a Master's degree in health services management, hospital management planning and regulation, also from U.C. Berkeley.

25. As demonstrated by her credentials, DR. ROWE-LEE is familiar with the appropriate laws, regulations and requirements of the position for which she was hired by Defendant SOMHC.

26. Plaintiff, DR. ROWE-LEE, is over aged 40, with a disability, or perceived disability.  DR. ROWE-LEE can and has performed the duties of her position with or without accommodation.

27. Plaintiff DR. ROWE-LEE is informed and believes based on that information that Defendant SOMHC relied on Plaintiff's background, performance, and credentials (BS, MSW, LCSW, MPH, and Dr.PH) and has prominently displayed her credentials to support getting federal and local funding.  Additionally, that Defendant has and continues to rely on her profile when presenting to and eliciting funding from federal authorities for auditing and funding purposes; thus, demonstrating Defendant(s) were and are aware of her qualifications and excellent performance.

28. Consistent with her credentials and experience, DR. ROWE-LEE performed the requirements of her position with excellence as evidenced by her promotion noted above.

29. Plaintiff DR. ROWE-LEE was initially hired by Defendant SOMHC, by MARILYN GRIFFIN, MSW, on or about January 2015.  DR. ROWE-LEE succeeded in the competition for the position for which she was hired by Defendant(s).  Initially, upon hiring, DR. ROWE-LEE reported to MARILYN GRIFFIN and Defendant CHARLES RANGE.  MS. GRIFFIN, also an African-American female, left SOMHC in or around April 2016.

30. DR. ROWE-LEE was hired to expand the "Hep C" program under MARILYN GRIFFIN, to include the Hep C, and behavioral components in conjunction with other partner organizations.

31. Initially, upon DR. ROWE-LEE'S hiring, consistent with her position, she was assigned staff, to assist with the administrative support duties required by her position, and the professional services she provided.

32. Subsequent to the resignation of MARILYN GRIFFIN, in or about May or June 2016, Defendant SOMHC hired DR. ROSENFELD as its Medical Director.  Thereafter, DR. ROWE-LEE reported directly to DR. ROSENFELD.  DR. ROSENFELD immediately demonstrated his discriminatory treatment of DR. ROWE-LEE.

33. DR. ROWE-LEE'S position as Director required that her duties include planning for and providing services to patients with a variety of urgent, chronic and complex mental/behavioral and social health needs.  Nevertheless, Dr. Rosenfeld engaged in a pattern of disrespectful, discriminatory and harassing treatment of DR. ROWE-LEE, and his actions were supported by CRISTINA SPRAGUE, a Nurse Practitioner, initially a contract employee and later employed at SOMHC was given authority over DR. ROWE-LEE. For example:

    a.  DR. ROSENFELD allowed neglect and inappropriate treatment of African American and disabled patients, further exacerbating the medical condition for which they sought treatment;

    b.  DR. ROSENFELD allowed and promoted a disrespectful and hostile environment to be created for DR. ROWE-LEE with subordinate staff, and medical assistants that made false allegations against DR. ROWE-LEE.  DR. ROWE-LEE's request for an investigation was ignored;

    c.  There was discriminatory treatment in the failure to provide support staff; i.e., a medical assistant, consistent with the assignment of staff to other medical providers, directors, and managers not in the same protected class as Plaintiff;

d.  DR. ROWE-LEE witnessed the disparagement of the African American female support staff, TOMIKA THOMPSON by criticizing her appearance and ignoring her capable performance of her job duties as a medical assistant;

e.  DR. ROSENFELD refused to consider for employment, or even interview African-Americans for vacancies at SOMHC, the LoPrest site where DR. ROWE-LEE was the Director.  However, similarly situated managers such as CRISTINA SPRAGUE were allowed to require DR. ROWE-LEE to work with less skilled and trained staff;

f.  Defendant delayed in providing training in the regulatory required appropriate, functioning electronic medical records maintenance programs implemented at SOMHC.

g.  Failure to provide appropriate equipment at the site managed by DR. ROWE-LEE to insure secure file cabinets for the storage of patient records; merging of psychotherapy notes with patient medical records; initially failing to consistently acknowledge DR. ROWE-LEE'S credentials on publicly disseminated documents.

h.  Excluding DR. ROWE-LEE from work related training;

i.  DR. ROSENFELD referred to DR. ROWE-LEE as "sweetie" in a meeting with a third party, minimizing the professional relationship.  Additionally, he demonstrated disdain and disrespect for her position by directing her to deliver keys to a referral source; directing her to stop assisting patients; refusing to allow her to select staff instead requiring she acquiesce to the hiring of staff referred by CRISTINA SPRAGUE.

j.  Additionally, CRISTINA SPRAGUE was allowed to direct DR. ROWE-LEE to perform medical assistant, front desk support, and janitorial duties in retaliation for DR. ROWE-LEE'S report that patient records were not being properly maintained to insure privacy, that patients were being treated inappropriately, and that exam rooms were not clean.

34. The above-described actions were reported to Defendant CHARLES RANGE, in his capacity as C.E.O. in a complaint/grievance lodged by DR. ROWE-LEE in or about October 2016, after she was injured on the job on September 26, 2016 while performing duties such as

answering telephones because there was no assigned support staff at the site she was then assigned.

35. In addition to the discriminatory treatment of Plaintif by DR. ROSENFELD and CRISTINA SPRAGUE, Plaintiff is informed, and based on that information believes, that there was also an attempt to remove any African American staff at SOMHC, including ASA SATARIANO, and others that had a positive history with SOMHC patients.

36. Plaintiff is informed and based on that information believes that DR. ROSENFELD and CRISTINA SPRAGUE failed to address grievances filed by African American patients regarding the lack of quality care from DR. ROSENFELD and other provider staff.

37. As a result of the allegations noted above, DR. ROWE-LEE communicated her concerns about discriminatory treatment to Defendant CHARLES RANGE, and in August 2016 advised him and ASA SATARIANO of her intent to resign from employment as a result of the ongoing discriminatory treatment and harassment she and others had been subjected to. Thereafter, DR. ROWE-LEE was retained, promoted to the position of Director of Behavioral Health Services in recognition of her expertise and positive future projected for the Behavioral Health Services program and the LoPrest site.

38. Prior to the written complaint and grievance submitted in October 2016, Plaintiff submitted a written resignation in August 2016, after observing the disparate treatment from DR. ROSENFELD, and CRISTINA SPRAGUE towards herself and other African American females.  In the resignation she also advised that the resignation was due to the way she was being treated in the facility by staff despite her repeated reports to him after MARILYN GRIFFIN resigned.

39. Additionally, DR. ROWE-LEE advised that the pay was not appropriate to the work she was performing for SOMHC.

40. Thereafter, DR. ROSENFELD retaliated and continued to discriminate by failing to provide staff assistance for DR. ROWE-LEE.  Consequently, on September 26, 2016, DR. ROWE-LEE was injured on the job.  On that date, there was no staff present, assigned, or available to

assist DR. ROWE-LEE with answering the office telephones, checking in patients, or to perform staff duties required in a medical office or facility.  Consequently, DR. ROWE-LEE was required to rush around the office to answer telephones, perform all staff duties, and perform her duties with patients.  There were no support staff present due to the discriminatory reassignment of staff to the "Bay View" site maintained by defendant. Defendants discriminated in not providing DR. ROWE-LEE with support staff, although similarly situated non-African American female personnel were provided support staff.

41. After Plaintiff's August 2016 report to MR. RANGE, DR. ROSENFELD and CRISTINA SPRAGUE, continued the hostile treatment:

a.  CRISTINA SPRAGUE AND PIA ORTEZ, were permitted to treat DR. ROWE-LEE  and her  professionally required responsibilities in a dismissive manner;

b.  The medical assistants, and front desk staff assigned by CRISTINA SPRAGUE were also dismissive;

c.  They refused to follow her instructions, and refused to complete assigned tasks, contacting CRISTINA SPRAGUE or PIA ORTEZ, in response to any direction from DR. ROWE-LEE.

d.  Additionally, the one African American staff member working with DR. ROWE-LEE was unfairly disciplined by DR. ROSENFELD and CRISTINA SPRAGUE although she was initially assigned to work under the supervision of DR. ROWE-LEE.  DR. ROWE-LEE is informed and based on that information believes that CRISTINA SPRAGUE and DR. ROSENFELD created false allegations to support their eventual termination of TOMIKA THOMPSON;

e.  DR. ROSENFELD and CRISTINA SPRAGUE demonstrated their discriminatory animus by refusing to meet with DR. ROWE-LEE on September 7, 2016, as requested to address the above concerns regarding the continued and increased retaliation and discrimination.

42. Plaintiff is informed, and based on that information believes that prior to leaving, MARILYN GRIFFIN had provided the barrier from the discriminatory treatment by MR. CHARLES RANGE that did not become apparent until MARILYN GRIFFIN left the employment.

43. Additionally, prior to leaving employment with Defendant SOMHC, MARILYN GRIFFIN expressed concern about CHARLES RANGE' treatment of ANASTASIA BARNES-PERILLIAT, TOMIKA THOMPSON, and DR. ROWE-LEE, all African American females. Consequently, MARILYN GRIFFIN assigned DR. ROWE-LEE to supervise MS. THOMPSON.

44. CHARLES RANGE further demonstrated his discriminatory animus against African-American females by negating DR. ROWE-LEE'S management of personnel, negating MS. GRIFFIN'S management decisions despite MS. GRIFFIN'S demonstrated management capability, competence, oversight of SOMHC'S programs, fundraising capability, and management of program operations.  Upon MS. GRIFFIN'S resignation, Defendant CHARLES RANGE eliminated or otherwise discriminated against all the African American women that previously reported to MS. GRIFFIN.

45. DR. ROWE-LEE is informed and based on that information believes that an additional instance of discriminatory treatment by Defendant CHARLES RANGE is illustrated in his response to a complaint from CRISTINA SPRAGUE about DR. ROSENFELD.  Contrary to his response to DR. ROWE-LEE, MR. RANGE protected CRISTINA SPRAGUE after she complained about DR. ROSENFELD, insured that CRISTINA SPRAGUE was separated from working with DR. ROSENFELD, while he did not provide the same protections for DR. ROWE-LEE.

46. After the September 26, 2016 work-place injury, DR. ROWE-LEE returned to work in February 2017.  She was treated discriminatorily in response to her injury, and accommodation, or lack thereof.  Plaintiff is informed and based on that information believes that the differential treatment was evidenced by the fact that others not in DR. ROWE-LEE's protected class, African-American females, and over 40, were allowed to receive their full pay

checks and work from home when disabled.  Similar accommodations were not provided to DR. ROWE-LEE.  Another individual was allowed to take off a couple of days per week, and work from home even though the position and duties are needed in the clinic.  Similar accommodations were not offered to DR. ROWE-LEE, instead she was required to accept the reduced disability pay while she was off work from September 2016 – February 2017.

47. Also, in February 2017 when DR. ROWE-LEE returned to work, although DR. ROWE-LEE, as a licensed professional and exempt under the Fair Labor Standards Act ("FLSA"), CHARLES RANGE disregarded that status, contrary to the treatment of other similarly situated, non-African American and females, and changed her work hours; required strict adherence despite her professional scheduling, while allowing others to work alternative schedules with flexibility ranging from starting times as early as 7:30 a.m. to 7:00 p.m., and others were allowed to work from home.

48. Defendant(s) continue in the failure to fully reasonably accommodate DR. ROWE-LEE.  For example, Defendant has failed to update the behavioral health templates needed for her job performance and Defendant has informed DR. ROWE-LEE that will not occur until at least December 2019.  Additionally, the simple requested accommodation to increase fonts to accommodate DR. ROWE-LEE's vision, DEFENDANT has failed to do so.  When other, non-African American and female similarly situated employees have advised of vision concerns, they have been quickly, reasonably accommodated.  All DR. ROWE-LEE'S diagnoses and treatment recommendations were substantiated by medical care providers.

49. Additionally, after returning to work in February 2017, CHARLES RANGE had transferred DR. ROWE-LEE from her duties at the Minna/LoPrest site.  She was assigned to work in poorly ventilated, and unclean examination rooms that were not appropriate for providing counseling and health maintenance services to the clientele.  CHARLES RANGE continued to deny Plaintiff the ability to manage, coordinate and provide the professional services for which she was retained in refusing to open the Minna/LoPrest site; and, continued to deny her

the ability to identify appropriate staff for the positions for the site that would best support the objectives of the program.

50. On April 26, 2017, DR. ROWE-LEE was defamed by a false accusation that she utilized someone else's password to access a contractor's website; and, that she had inappropriately expended agency funds.  The demeaning allegation was made in the presence of staff.

51. On May 15, 2017, CHARLES RANGE sent a letter to DR. ROWE-LEE demonstrating an intention to demote her without cause.  In the job description her scope of work was changed, and it also represented a breach in the negotiated contracts of hire signed in December 2014, and August 2016.

52. DR. ROWE-LEE was subjected to criticism and scrutiny of her work performance, and competencies by untrained and unlicensed personnel.  Additionally, she was required to report her work schedule to subordinate staff despite her employment as an exempt professional.

53. CHARLES RANGE spoke in derogatory terms about DR. ROWE-LEE while she was off on medical leave and referred to her as "that damned Dr. Rowe-Lee' in the presence of subordinate staff.

54. Additionally, CHARLES RANGE also attempted to convert her status from exempt by delineating her work hours despite her professional status and no real business need. CHARLES RANGE then began to demonstrate his disdain by referring to DR. ROWE-LEE as "LCSW" or "Social Worker" to intentionally demote and limit her functioning capacity as Director of Integrated Behavioral Health Services.

55. CHARLES RANGE permitted the continuation of the discriminatory treatment by staff towards DR. ROWE-LEE.  She was subjected to constant review by CRISTINA SPRAGUE'S staff such that she felt that she was being stalked by ANGELA LEGASPE. Plaintiff is informed and based on that information believes CRISTINA SPRAGUE directed MS. LEGASPE to read and audit mental/behavioral health files in violation of privacy laws.

56. Subsequently, in or about July 10, 2017, DR. SUSAN BRINER, a Caucasian female, was appointed interim medical director.   DR. ROWE-LEE is informed and based on that

information believes DR. BRINER, initially, supported MR. RANGE in the retaliation and discrimination.

57. On July 10, 2017, DR. SUSAN BRINER, informed Plaintiff DR. ROWE-LEE that she was going to be reporting to DR. RALPH PETERSON who had been appointed as the Director of the LoPrest location thereby effectively demoting Plaintiff.

58. Additional actions of discrimination, demonstrating the continuing nature of the treatment is evidenced by disparate assignment of a parking space to DR. ROWE-LEE, contrary to the practices with similarly situated staff, not in plaintiff's protected class(es).

59. CHARLES RANGE threatened DR. ROWE-LEE with termination in retaliation for her asserting privacy violations on behalf of patients and clients.

60. CHARLES RANGE humiliated DR. ROWE-LEE in a meeting in the presence of ASA SATARIANO stating that she "was getting old", and that she was blaming her injuries on the job rather than her age.  He also told her it was like a "pregnant" woman not informing the employer that she was pregnant before he hired her.

61. Plaintiff DR. ROWE-LEE is informed and based on that information believes that each named DEFENDANT, SOMHC, and CHARLES RANGE exclude African American females from clinical administrative and managerial positions, particularly management and supervisory positions, despite the population it serves.

62. The conduct of discrimination, demeaning treatment, retaliation, and attempt to diminish continued through CHARLES RANGE tenure.

63. The Defendants, and each of them, are directly responsible for allowing the discriminatory treatment and harassment to occur in the workplace.  The Defendant employers were aware of the extremely offensive conduct in that Plaintiff DR. ROWE-LEE advised both MARILYN GRIFFIN, initially, and CHARLES RANGE, thereafter, of her concerns regarding discriminatory allocation of staff and resources; nevertheless, Defendant CHARLES RANGE, retaliated, and the discriminatory treatment of Plaintiff DR. ROWE-LEE and other African-American females increased.  The employer failed to remedy the harm, and in fact

encouraged the treatment by failing to take any reasonable steps to stop the harassment and intimidation, or otherwise remedy the hostile work environment.  The plaintiff was harmed as a result of the Defendant employers' agents, employees, and assigns conduct.

**DEFENDANTS SOMHC and MR. CHARLES RANGE Failed to Accommodate Plaintiff's workplace injury:**

. 64. On September 26, 2016, Plaintiff DR. ROWE-LEE sustained a work-related injury.  After returning to work and requesting an accommodation, Defendant SOMHC refused to accommodate the injury as requested.  Instead, DR. ROWE-LEE was never returned to her originally assigned office at the LoPrest/Minna site.  Additionally, CRISTINA SPRAGUE, and ANGELA LEGASPE were directed to remove personal and private client information from DR. ROWE-LEE'S former office and failed to inform DR. ROWE-LEE; thus, compromising her license in committing an act of theft of her personal items.

64. Plaintiff DR. ROWE LEE is informed and based on that information believes that Defendant(s) intentionally failed to offer a reasonable accommodation both in response to DR. ROWE-LEE'S complaints regarding the racial harassment and discriminatory treatment, and in response to all of her various requests for an accommodations.

65. The failure to accommodate, and or delay accommodation of DR. ROWE-LEE'S injuries, was another act of discrimination in that other similarly situated staff were accommodated as requested.

## FIRST CLAIM FOR RELIEF

### (DISCRIMINATION BASED UPON RACE, AND SEX, (TITLE VII)

### (Against Defendants)

66. Incorporated herein by reference as though fully set forth herein are paragraphs 1 through 65, inclusive.

67. At all relevant times herein, Defendants were and are employers within the meaning of the Title VII OF the Civil Rights Act of 1964,  and as such, were barred from discriminating and

retaliating against employees on the basis of, inter alia, race, and sex, as set forth in Title VII, Sections 2000e et seq.

68. DR. ROWE-LEE succeeded in the competition for the position as Director, Behavioral Health, and was hired by Defendant SOMHC.  DR. ROWE-LEE was qualified for the position and satisfactorily performed the job duties from initiating the assignment, to date.

69.  Despite DR. ROWE-LEE'S qualifications, and adequate performance for Defendants, she was discriminated against by Defendants.

70. At all relevant times herein, Plaintiff was an employee covered by Title VII.  Defendant CHARLES RANGE discriminated against DR. ROWE-LEE because of her age, over 40, her race, African-American; and because of her sex, as she is a female.  CHARLES RANGE and Defendant SOMHC treated others not in Plaintiff's protected class of age, race, and sex, differently than Plaintiff.  Defendants engaged in the discrimination that created a racially hostile work environment for Plaintiff.  By their conduct, Defendants discriminated and harassed Plaintiff on the basis of her race, color, and sex due to her membership in the protected classes of a Black, African-American female.

71. The protected rights include, but are not limited to, the right to work in an environment free of unlawful, discriminatory, and harassing comments, disrespect, denial of rights and privileges of employment enjoyed by other similarly situated employees not in Plaintiff's protected class, the right to prevent unlawful harassment and retaliation; and the right to engage in protected activity regarding work conditions.

72. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer losses in equitable earnings as those similarly situated and not in her protected class, and other employment benefits in an amount according to proof at the time of trial.  As a further proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer humiliation, lack of self-confidence, embarrassment, emotional distress and mental anguish, all to her damage in an amount according to proof at the time of trial.

73. In doing the acts herein alleged, Defendants acted with oppression, fraud, malice, and in the conscious disregard of the rights of Plaintiff, and Plaintiff is therefore entitled to punitive damages in an amount according to proof at the time of trial.

74. Plaintiff is entitled to costs and reasonable attorney's fees pursuant to Title VII, sections 2000e, et seq.

**SECOND CLAIM FOR RELIEF**

**HARASSMENT BASED ON RACE, AND SEX, AND RETALIATION FOR PROTECTED ACTIVITY**

**TITLE VII**

**(Against Defendants SOMHC AND CHARLES RANGE)**

75. Incorporated herein by reference as though fully set forth herein are paragraphs 1 through 74, inclusive.

76. At all relevant times herein, Defendants were and are employers within the meaning of the Title VII of the Civil Rights Act of 1964,  and as such, were barred from harassing Defendant DR. ROWE-LEE, an employee, on the basis of, inter alia, her race, and sex, as set forth in Title VII, Sections 2000e et seq.

77. DR. ROWE-LEE succeeded in the competition for the position as Director, Behavioral Health, and was hired by Defendant SOMHC.  DR. ROWE-LEE was qualified for the position and satisfactorily performed the job duties from initiating the assignment, to date.

78.  Despite DR. ROWE-LEE'S qualifications, and adequate performance for Defendants, she was harassed by Defendant as described herein in the form of derogatory comments by Defendant CHARLES RANGE, a failure to respect her qualifications; differential treatment in the presence of subordinate staff signaling the right for others to manifest the same disrespect, failure to provide adequate staffing leading to a workplace injury while performing tasks that she should have had staff to perform; denying her ability to perform the position for which she was initially retained; attempting to change the terms of her employment in

changing her job description after she returned from disability leave; and several other examples listed in the facts common to all claims above.

79. At all relevant times herein, Plaintiff was an employee covered by Title VII.  Defendant CHARLES RANGE harassed and retaliated against DR. ROWE-LEE because of her age, over 40, her race, African-American; and because of her sex, as she is a female.  Additionally, after Plaintiff ROWE-LEE initially filed an internal complaint with Defendant CHARLES RANGE in October 2016, upon her return to work he attempted to diminish her position in the presence of other staff; moved her office location; attempted to require she report to subordinate staff; thus, disrespecting her professional status.  CHARLES RANGE and Defendant SOMHC treated others not in Plaintiff's protected class of age, race, color and sex, differently than Plaintiff.  Defendants engaged in the discrimination that created a racially hostile work environment for Plaintiff.  By their conduct, Defendants harassed Plaintiff on the basis of her race, color, and sex due to her membership in the protected classes of African-American female.

80. The protected rights include, but are not limited to, the right to work in an environment free of unlawful, discriminatory, and harassing comments, disrespect, denial of rights and privileges of employment enjoyed by other similarly situated employees not in Plaintiff's protected class, the right to prevent unlawful harassment and retaliation; and the right to engage in protected activity regarding work conditions.

81. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer losses in equitable earnings as those similarly situated and not in her protected class, and other employment benefits in an amount according to proof at the time of trial.  As a further proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer humiliation, lack of self-confidence, embarrassment, emotional distress and mental anguish, all to her damage in an amount according to proof at the time of trial.

82. In doing the acts herein alleged, Defendants acted with oppression, fraud, malice, and in the conscious disregard of the rights of Plaintiff, and Plaintiff is therefore entitled to punitive damages in an amount according to proof at the time of trial.

83. Plaintiff is entitled to costs and reasonable attorney's fees pursuant to Title VII, sections 2000e, et seq.

### THIRD CLAIM FOR RELIEF

### AGE DISCRIMINATION IN VIOLATION OF THE ADEA

### (Against Defendants SOMHC, AND CHARLES RANGE)

84. Incorporated herein by reference as though fully set forth herein are paragraphs 1 through 83, inclusive.

85. The Age Discrimination in Employment Act ("ADEA") of 1967, 29 U.S.C. sections 621 to 634, requires the employer not discriminate against individuals on the basis of their age, over 40.

86. Plaintiff DR. ROWE-LEE falls within the parameters of the protections to employees under the ADEA.

87. Defendant treated Plaintiff different than other similarly situated employees that were not in the Plaintiff's protected class of both age, over 40, female, and African American.

88. In doing the acts herein alleged, Defendant SOMHC acted with oppression, fraud, malice, and in the conscious disregard of the rights of Plaintiff; therefore, Plaintiff is entitled to punitive damages in an amount according to proof at the time of trial.  Plaintiff is entitled to costs and reasonable attorney's fees pursuant to the ADEA.

### FOURTH CLAIM FOR RELIEF

### DISCRIMINATION BASED ON DISABILITY, FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITY ACT

### (Against Defendants SOMHC and CHARLES RANGE)

89. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 88 above inclusive, of this Complaint as though fully set forth herein.

90. The American with Disabilities Act, 42 U.S.C., section 12101, et seq., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employer compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. section 12112.

91. At least one of DR. ROWE-LEE'S major life activities, walking, and sight, are affected, Plaintiff is an individual with a disability under the ADA.

92. Plaintiff was fully qualified as the Director of Behavioral Health and could perform all the essential functions of her position; but for the discriminatory treatment alleged herein. Nevertheless, Defendant(s) treat Plaintiff discriminatorily, and different than similarly situated employees not in Plaintiff's protected class, with Plaintiff's disabilities.

93. In fact, Defendant SOMHC continues to employ and utilize DR. ROWE-LEE's expertise and services to its benefit to procure funding, and to administer the programs of SOMHC. Nevertheless, due to the failure to fully accommodate her disability, she is hampered in performing the duties of her position.

94. Defendant SOMHC is a covered employer to which the ADA applies.

95. Defendant SOMHC has refused to fully accommodate DR. ROWE-LEE based on her disability. For example, as one of Plaintiff's affected major life activities, sight, also requires accommodation, Defendant will not complete enhancing the fonts on her equipment until a projected date in December 2019.

96. The ADA requires the employer to provide reasonable accommodations that will allow an employee to continue to perform the essential functions of her job. The employer's duty is triggered by a request from the employee or whenever the employer knows or should have known of the need for accommodations.

97. In doing the acts herein alleged, Defendant CHARLES RANGE and SOMHC acted with oppression, fraud, malice, and in the conscious disregard of the rights of Plaintiff, and DR. ROWE-LEE is therefore entitled to punitive damages in an amount according to proof at the

time of trial.  Additionally, Plaintiff is entitled to costs and reasonable attorney's fees pursuant to the ADA.

### FIFTH CLAIM FOR RELIEF

### CALIFORNIA STATE LAW CLAIMS FOR INTENTIONAL AND

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (Against all Defendants, SOMHC and CHARLES RANGE)

98. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 97, inclusive, of this Complaint as though fully set forth herein.

99. At all relevant times herein, Defendants were and are employers within the meaning of the Title VII, the ADEA, and the ADA, and as such, were barred from harassing and retaliating against employees on the basis of, inter alia, race, sex, age and disability, as set forth in each of the code provisions.

100.     At all relevant times herein, Plaintiff was an employee covered by Title VII, ADEA, and the ADA.  By their conduct, Defendants discriminated against, harassed and retaliated against Plaintiff on the basis of her race, sex, age and disability.

101.     The conduct of Defendants as set forth above was so extreme and outrageous that it exceeded the boundaries of a decent society and lies outside the compensation bargain.  Said conduct was intended to cause Plaintiff severe emotional distress or was done in conscious disregard of the probability of causing severe emotional distress.  Said conduct was also in direct violation of California public policy.

102.     As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer substantial diminution in her ability to command earnings and other employment benefits in an amount according to proof at the time of trial.  As a further proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer humiliation, embarrassment, emotional distress and mental anguish, all to her damage in an amount according to proof at the time of trial.

103.     In doing the acts herein alleged, Defendants acted with oppression, fraud, malice and in conscious disregard of the rights of Plaintiff, and Plaintiff is therefore entitled to punitive damages in an amount according to proof at the time of trial.

104.     In doing the acts herein alleged, Defendants negligently acted or failed to act without regard to the impact of the oppression, fraud, malice, and hatred inflicted upon Plaintiff, and negligently disregarded the rights of Plaintiff, and Plaintiff is therefore entitled to damages in an amount according to proof at the time of trial.

105.     Plaintiff is entitled to costs and reasonable attorney's fees pursuant to Title VII, the ADEA, and the ADA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants, and each of them, according to proof, as follows:

  a. For general and special damages, including lost potential earnings, in a sum in excess of the minimum jurisdictional limit of this Court, according to proof at trial;

  b. For compensatory and consequential damages, including for emotional distress against Defendants;

  c. For pre-judgment and post-judgment interest at the maximum legal rate;

  d. For punitive damages;

  e. For reasonable attorney's fees;

  f, For costs of suit incurred herein; and

  g.. For such other and further relief as the Court may deem just and proper.

///

///

///

///

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a jury trial on the claims so triable.

Dated: October 8, 2019                    LAW OFFICE OF SANDRA L. SMITH

X *Sandra Smith*

Sandra L. Smith
Attorney for Plaintiff, DR. GWEN ROWE-LEE