UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| GWEN ROWE LEE,<br><br>Plaintiff,<br><br>v.<br><br>SOUTH OF MARKET HEALTH CENTER,<br><br>Defendant. | Case No. 19-cv-06482-LB<br><br>**ORDER TO SHOW CAUSE**<br>Re: ECF No. 64 |

On June 8, 2021, the defendant, South of Market Health Center, filed a non-joint discovery letter brief informing the court that the plaintiff, Gwen Rowe Lee, failed to participate in the meet and confer process pursuant to Section III.4 of the undersigned's standing order, Rule 37(a)(1) of the Federal Rules of Civil Procedure, and Civil L.R. 37-1.[1] The defendant provided a timeline of its communications (or lack thereof) with the plaintiff's counsel and stated that "[f]or two months, [the] [p]laintiff has not substantively responded to [the defendant's] more than half dozen attempts at initiating the meet and confer process."[2] The defendant requested that the court (1) order the plaintiff to participate in a Zoom/telephonic meet and confer "to discuss outstanding discovery

---

[1] Discovery Letter Brief – ECF No. 61. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 1.

ORDER – No. 19-cv-06482-LB

issues" and (2) grant the defendant leave to move for sanctions against the plaintiff and her counsel for failing to meet and confer under Civil L.R. 37-1(a).

On June 14, 2021, the court issued an order denying the discovery letter brief because it was not joint — and therefore in violation of its standing order — but ordered the parties to "confer by any means but at least by telephone" by June 21, 2021.[3]

On June 23, 2021, the defendant filed another non-joint discovery letter brief informing the court that the plaintiff refused to provide input to the letter and continues to fail to meet and confer, in violation of the court's June 14 order.[4] According to the defendant, after receiving the court's June 14 order, it contacted the plaintiff's counsel on June 14, 15, 16, and 17 in an attempt to schedule a meet and confer. On June 16, 2021, the plaintiff's counsel apparently texted the defendant that she "will send joint responses and discovery today" but did not respond to the request to meet and confer, and as of June 23, 2021, had not followed up with the responses or discovery.[5] The defendant then requested that the court grant it leave to move to compel further responses to written discovery and/or leave to move for any and all available sanctions against the plaintiff and her counsel.[6]

One June 24, 2021, the court ordered the plaintiff to file a response to the defendant's discovery letter by noon on June 25, 2021, warning that the failure to do so would result in the court issuing an order to show cause why the defendant's requests for leave to file a motion to compel and a motion for sanctions should not be granted.[7] The plaintiff did not file a response.[8]

The court now orders the plaintiff to appear for a hearing on July 15, 2021, at 9:30 a.m. to show cause why the court should not grant the defendant's motions for leave to file a motion to

---

[3] Order – ECF No. 62.

[4] Discovery Letter Brief – ECF No. 63 at 1.

[5] *Id.* at 1–2.

[6] *Id.* at 3.

[7] Order – ECF No. 64.

[8] *See generally* docket.

compel discovery responses and a motion for sanctions. If the plaintiff has cured the issue by July 8, 2021, the court will vacate the show-cause hearing.

**IT IS SO ORDERED.**

Dated: July 6, 2021

LAUREL BEELER
United States Magistrate Judge